CANNIZZARO, J.,
concurs in the result.
There are inconsistencies in the Reasons for Judgment in this case. The trial court judge states in his written reasons:
This court concludes that Mr. Neider was proceeding eastbound on Judge Perez Drive. As he was proceeding through the intersection lane of travel through the red signal light thereby colliding into Mr. Neider’s vehicle.
(Emphasis added.) Although I assume that the word “he” refers to Kristine Fon-tana, this is not what the language used by the trial court judge says.
Additionally, the trial court judge states in the Reasons for Judgment:
The Court received, admitted and has considered the entire deposition testimony of Deputy Gillette, over plaintiffs objection, and the oral testimony of Deputy Medine. It is determined that because neither of these witnesses was present at the time of the accident neither is capable of offering valid, admissible, credible testimony as to how the accident occurred.
(Emphasis added.) The trial court judge says here that although the testimony of the police officers was admitted into evidence, the testimony was not admissible.
Despite the inconsistencies in the Reasons for Judgment, the Judgment itself is what is being appealed. Greater New Orleans Expressway Commission v. Olivier, 2002-2795 (La.11/18/03), 860 So.2d 22, 24. Also, I find that there is sufficient evidence in the record from which we can determine that the trial court judge was not manifestly erroneous or clearly wrong in his judgment. Therefore, I concur in the result reached by the majority.